# SAN JUAN LIGHT & TRANSIT COMPANY
*v.*
# FRANCISCO SEGURA.

### AT LAW—CONTRACTS—RENTS.

1. A written contract may be rescinded or modified by a verbal contract upon sufficient consideration.
2. The jury are the judges of the evidence, and must determine the rights of the parties from it. It is their province to determine if rent was due by defendant to plaintiff, and if so, how much.

October Term, 1903.

*Mr. Hord* for plaintiff.

*Mr. Mott* for defendant.

HOLT, Judge, gave the following charge to the jury:

It is the duty of the court to inform you as to the law of a case. It is your right and your province to determine what has been proven in a case, and to determine the facts of it. The only issue in this case is whether the defendant owes any rent to the plaintiff for the premises that have been designated, and if so, how much. I think there is very little trouble as to the law, and I think the issues as to the facts are pretty well defined. The testimony is somewhat conflicting. It becomes your duty to reconcile that, considering all the circumstances

San Juan L. & T. Co. v. Segura.

in the case, and all the testimony that has been offered before you.

The plaintiff, the San Juan Light & Transit Company, claims that, on April 10th, 1901, it entered into a contract in writing with the defendant and one other, perhaps two other gentlemen, to become effective May 1st, 1901, by which, for the use of Borinquen park, this defendant was to pay $100 per month for one year, as rent of those premises for the time from May 1st, 1901 to May 1st, 1902. There is no question but what a written contract was entered into. It is offered in evidence. The plaintiff, the San Juan Light & Transit Company, also claims that upon the expiration of that contract, May 1st, 1902, the defendant, Segura, still continued to keep possession of the premises; and that he so occupied them until August 10th, 1903, without any contract; and that they are entitled to reasonable rent for that time at $100 per month; and they therefore claim they are entitled to rent amounting to $2,800, and they sue to recover $3,000 in damages.

Upon the part of the defendant it is claimed that a short time after this contract was entered into on April 10th, 1901, it was rescinded, and it was agreed that he was to pay no more rent; that the company still desired him to continue because it was deemed advisable to have booths there at the park,—that it would draw more people there. He claims that under that arrangement he still continued to keep the booths in that way, and was to do so until a new contract was made and new improvements were installed; and that these were never put there; that no new contract was entered into; and that hence he ought not to pay any rent.

As a matter of law a written contract may be modified or it may be rescinded by a verbal contract upon a sufficient consideration. If the company in this case thought it was to their in-

terest to have booths at that place, and the defendant was threatening to move out and quit the business, and therefore they agreed that he was to pay no rent, but still to remain there until subsequent improvements were put in, and a new agreement made, then so long as that understanding continued, he would be bound to pay no rent.

If you believe from the evidence that such an arrangement was entered into, and it need not be in writing, then this defendant during that time would not be bound to pay any rent; but if, on the other hand, you believe from the testimony that there never was any such arrangement, then this defendant would be liable for the stipulated rent for twelve months, and he would also be liable for a reasonable rent for the subsequent time until August 10th, 1903. You are to fix what you believe to be a reasonable rent, from all the circumstances proven in the case.

The first contract was to become effective on the 1st of May, 1901, and was to last until May 1st, 1902. The evidence tends to show that the defendant has occupied the premises from May 1st, 1901, to August 10th, 1903, the first twelve months under the contract at $100 per month, and one year, three months, and ten days, which would make fifteen and one third months in addition to the first twelve under the contract. If you should believe from the testimony that there was an agreement or understanding by the defendant that he was to pay no rent, and it was so understood, until a new contract was entered into, then he would not be required to pay rent until he was notified to do so. If that was done, you are to fix the time when it was done, by the testimony. There is testimony tending to show that in the latter part of June, 1903, the defendant was notified that he must pay rent. It is also claimed by the plaintiff, the San Juan Light & Transit Company, that he was notified prior

to that time that he was to pay rent. You are to determine from the testimony when he was notified if at all.

A contract is the meeting of the minds of two parties,—their coming together, whether in writing or verbal. As I have said, it is like two streams coming together and forming a larger one. If you believe any contract was annulled, but further believe that this defendant was given to understand that he was to pay rent, then he would be liable for a reasonable rent after that time. The question of improvements does not enter into the case. The only thing for you to do is to find whether any rent is owing, and if so, how much.

Upon any rent that you may find due you may at your discretion give 6 per cent interest. If you find that any rent upon the original contract at $100 per month is due, you would be bound to give interest upon that from the time it was due.